## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

BILLY RAY BRADLEY, SR., #36881                                           PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 4:05cv170TSL-JCS

WILLIAMS BRUNELLE, DAN ANGERO, LISA J. HOWELL,
LORENE SCOTT, DENISE MCMULLEN and PAT JORDAN          DEFENDANTS

### OPINION and ORDER

This cause is before the court, sua sponte, for consideration of dismissal.  Plaintiff Bradley, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this pro se complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  Williams Brunelle, Officer with Meridian Police Department;  Dan Angero, Assistant District Attorney;  Lisa J. Howell, Assistant District Attorney;  Lorene Scott, MDOC records department;  Denise McMullen, Detective with Meridian Police Department;  and Pat Jordan, Public Defender.  The plaintiff was ordered [doc. 6] to file an amended complaint to specifically state how each named defendant violated his constitutional rights.  The plaintiff filed his amended complaint [doc. 8] and this court has liberally construed the plaintiff's pleadings to reach the following conclusions.

### Background

The plaintiff was convicted of possession of a firearm by a convicted felon in the Lauderdale County Circuit Court on June 15, 2004.  The plaintiff was sentenced to serve a term of life imprisonment as a habitual offender.   The plaintiff's conviction was affirmed by the

Mississippi Court of Appeals on December 13, 2005.  See cause no. 2004-KA-01260-COA.

The plaintiff's complaints revolve around his arrest, his criminal conviction and his sentence as a habitual offender.  Specifically, the plaintiff complains that Officer Brunelle and Detective McMullen's actions, including but not limited to the discovery of the firearm during his arrest and their testimony at his criminal trial, violated his constitutional rights.[1]  The plaintiff further alleges that he was denied a fair trial when Assistant District Attorneys Howell and Angero "introduced evidence that sholdn't have been presented to the jury."  Am. Compl., p.14.  Likewise, the plaintiff argues that he was denied effective assistance of counsel by public defender Jordan's poor representation during his trial.  In the plaintiff's original complaint, he complains about the records provided by MDOC official Scott, which he claims, led to his status as a "habitual offender" for sentencing purposes.  As relief the plaintiff has requested monetary damages in the amount of $500,000.00 from each defendant.  In addition, the plaintiff has requested that his life sentence as a habitual offender be "reversed and remanded" for sentencing "as a non-habitual criminal."  Am. Compl., p. 20.

_____

[1]In the plaintiff's original complaint, he states that he was initially arrested on warrants for "sexual charges," which he claims scandalized his name and led to his current conviction for possession of a firearm by a convicted felon.  The plaintiff fails to assert any allegations regarding these charges in his amended complaint and thus, this claim is not before the court.  See  Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 618 (5th Cir.1992)(amended complaint superseded the original complaint and rendered "it of no legal effect" in case filed pro se and in forma pauperis under § 1983)(citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985);  see also Clark v. Tarrant County, Texas, 798 F.2d 736, 740 (5th Cir. 1986).  In any event, the court notes that injury to reputation alone does not give rise to § 1983 liability.  Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990);  Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir.1988).  Furthermore, as discussed infra, plaintiff's challenges to the validity of his current criminal conviction are at this time barred by Heck v. Humphrey.  Included in the Heck bar are the plaintiff's claims regarding these "sexual charges" which are inextricably intertwined with the plaintiff's challenges to his current conviction.  See  Clarke v. Stadler, 154 F.3d 186, 189-90 (5th Cir.1998)(en banc).

2

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2]  "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991).  See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

apparent from the record even where they have not been addressed" or raised in the pleadings on file.  Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  Id.  As discussed below, the plaintiff cannot maintain this § 1983 action against the named defendants.

Claims

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.[3]  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing  Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  If the plaintiff's claims are proven and this court grants the requested relief, i.e., reversal of his conviction and life sentence, it would result in the plaintiff receiving an early release from custody.  The plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.[4]

---

[3]  In response to the plaintiff's letter [doc.10] written when he was moved to CMCF, the plaintiff is advised that in order to pursue complaints regarding the conditions of his confinement, he would need to file a separate § 1983 action against the persons responsible for these alleged conditions.  However, the plaintiff should be mindful that as a prisoner he is required to exhaust the MDOC Administrative Remedy Program, before he files suit in federal court.

[4]  The Clerk mailed the plaintiff a packet of § 2254 habeas forms on March 22, 2006.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is

required to exhaust his available state remedies.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct.

1827, 36 L. Ed. 2d 439 (1973); <u>Thomas v. Torres</u>, 717 F.2d 248, 249 (5th Cir. 1983).  The

plaintiff does not allege that he has satisfied the exhaustion requirement of the habeas statute, 28

U.S.C. § 2254(b)(1)(A), therefore, at this time, the portion of the plaintiff's complaint requesting

his release from custody will not be liberally construed as a separate petition for habeas corpus

relief.  Instead, any habeas claims asserted in this suit will be dismissed, without prejudice.

In order to state a cognizable complaint pursuant to 42 U.S.C. § 1983, the plaintiff must

allege that the defendants deprived him of a right secured to the plaintiff by the Constitution or

the laws of the United States.  <u>See</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692,

61 L. Ed. 2d 433 (1979).  However, a state prisoner's claim for damages is not cognizable under

§ 1983 if  "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has

previously been invalidated.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487,  114 S. Ct. 2364, 129

L.Ed.2d 383 (1994).  Specifically, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner
> seeks damages in a § 1983 suit, the district court must consider whether a judgment
> in favor of the plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 2372 (footnotes omitted); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994).  If

the court were to find in the plaintiff's favor and determine that the actions of the defendants violated the plaintiff's constitutional rights, this judgment would necessarily imply the invalidity of his criminal conviction and habitual offender sentence.[5]  The plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated in order to overcome the bar to this suit established by <u>Heck v. Humphrey</u>.[6]

### Defendants

Even if plaintiff's claims were not subject to dismissal as set forth above, to the extent the plaintiff is requesting monetary damages from defendants Angero and Howell, they are absolutely immune from such relief.  Absolute immunity extends to prosecutors who are performing prosecutorial acts.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).  Judicial immunity can only be overcome by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 2d 286, 116 L. Ed. 2d 9 (1991);  <u>see</u> <u>also</u> <u>Forrester v. White</u>, 484 U.S. 219, 220-21 (1988).  The plaintiff does not provide any facts to establish that defendants Angero and Howell were performing acts other than those directly related to prosecuting the criminal case against the plaintiff.  Accordingly, the

_____

[5] Although the plaintiff failed to assert any allegations whatsoever against defendant Scott in his amended complaint, the court finds the claims that are asserted against defendant Scott to be barred by <u>Heck</u>.

[6]  The court's order to amend directed the plaintiff to specifically state if his conviction or sentence had been invalidated by any of these means.

plaintiff cannot maintain this action for monetary damages pursuant to § 1983 against defendants Angero and Howell.

In order to have a viable claim under 42 U.S.C. § 1983, not only must the plaintiff suffer deprivation of a right secured by the Constitution or the laws of the United States, but the person depriving the plaintiff of this right must have acted under color of any statute of the State. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The plaintiff's allegations indicate that defendant Jordan is a private citizen. The mere fact that defendant Jordan is a public defender who represented the plaintiff does not establish that he was a state actor. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed.2d 509 (1981). The plaintiff's allegations fail to establish defendant Jordan as a state actor. Any deprivation plaintiff allegedly suffered from defendant Jordan was not "under color of state law." Thus, the plaintiff cannot pursue this complaint against defendant Jordan under 42 U.S.C. § 1983.

Conclusion

As discussed above, the plaintiff's claim for release from custody is habeas in nature and thus, not properly pursued under 42 U.S.C. § 1983. The plaintiff's claims for monetary damages are barred by Heck v. Humphrey. Furthermore, defendants Angero and Howell are immune from suit for monetary damages regarding these claims and the plaintiff has failed to establish that defendant Jordan acted under color of state law as required under § 1983. Consequently, plaintiff's cause of action will be dismissed with prejudice. [7] Plaintiff's habeas claims are dismissed without prejudice.

---

[7]"Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the ___25th_____ day of  September, 2006.


                                    __/s/ Tom S. Lee_____
                                       UNITED STATES DISTRICT JUDGE